# EXHIBIT "A"

(Complaint)

# EXHIBIT "A"

Electronically Filed
6/1/2022 12:34 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JASON M. WILEY, ESQ.
Nevada Bar No. 9274
E. DANIEL KIDD, ESQ.
Nevada Bar No. 10106
**WILEY PETERSEN**
1050 Indigo Drive, Suite 200B
Las Vegas, Nevada 89145
Telephone: 702.910.3329
Facsimile: 702-553-3467
jwiley@wileypetersenlaw.com
dkidd@wileypetersenlaw.com

*Attorneys for Plaintiffs*

CASE NO: A-22-853400-C
Department 28

## DISTRICT COURT

## CLARK COUNTY, NEVADA

APEX OPERATIONS, LLC, a Nevada limited liability company; 420702 CONSULTING, LLC, a Nevada limited liability company; ZOHA DEVELOPMENT, LLC, a Nevada limited liability company; MACMAS REAL ESTATE AND AGRICULTURAL PRIVATE EQUITY OPPORTUNITY FUND, LLC a foreign country limited liability company; MICHAEL SASSANO, an individual; RONALD SASSANO, an individual,

Plaintiffs,

v.

PAVEL ROSENBERG, and individual; MCIG, INC., a Wyoming corporation; BOTS, INC. a Puerto Rico corporation; OBITX, INC., a foreign corporation; DOE individuals I through X, inclusive; and ROE entities I through X, inclusive,

Defendants.

CASE NO.:

DEPT. NO.:

**COMPLAINT**

**Exempt From Arbitration Per NAR 3(A) – Probable Jury Award in Excess of $50,000**

Plaintiffs Apex Operations, LLC, 420702 Consulting, LLC, Zoha Development, LLC, MacMas Real Estate and Agricultural Private Equity Opportunity Fund, Michael Sassano, and Ronald Sassano, (collectively, "Plaintiffs") by and through its attorneys of record, the law firm Wiley Petersen, hereby complains and alleges as follows:

/ / /

/ / /

1

**PARTIES AND JURISDICTIONAL ALLEGATIONS**

1.  Plaintiff APEX OPERATIONS, LLC ("Apex O") is a limited liability company duly organized and existing under the laws of the State of Nevada.

2.  Plaintiff 420702 CONSULTING, LLC ("420702 Consulting") is a limited liability company duly organized and existing under the laws of the State of Nevada.

3.  Plaintiff ZOHA DEVELOPMENT, LLC ("Zoha") is a limited liability company duly organized and existing under the laws of the State of Nevada.

4.  Plaintiff MACMAS REAL ESTATE AND AGRICULTURAL PRIVATE EQUITY OPPORTUNITY FUND, LLC ("MacMas") is a foreign country limited liability company duly organized and existing under the laws of Greece.

5.  Plaintiff MICHAEL SASSANO ("M. Sassano") is a resident of the State of Nevada and controls and/or is the managing member of Apex O and 420702 Consulting.

6.  Plaintiff RONALD SASSANO ("R. Sassano") is a resident of the State of Nevada and controls and/or is the managing member of MacMas.

7.  Upon information and belief, Defendant PAVEL ROSENBERG a.k.a. PAUL ROSENBERG ("Rosenberg") is a resident of the State of Virginia.

8.  Upon information and belief, MCIG, INC. ("MCIG") is a corporation duly organized and existing under the laws of the State of Wyoming and authorized to conduct business in Clark County, Nevada..

9.  Upon information and belief, Defendant BOTS, INC. ("BTZI") is a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico and is a continuation or rebranding of Defendant MCIG.

10.  Upon information and belief, Defendant OBITX, INC. ("OBITX") is a foreign corporation with a principal place of business in Florida.  Upon further information and belief, OBITX was formed, either in part or wholly, as a result of a special dividend of MCIG and/or BTZI.

11.  The true names of Defendants DOES I to X and ROE CORPORATIONS I to X, inclusive, are unknown to Plaintiffs at this time and, therefore, Plaintiffs brings suit against them by the foregoing fictitious names.  Plaintiffs allege that said Defendants are liable to Plaintiff under the

claims for relief set forth below. Plaintiffs request that when the true names are discovered for these DOE and ROE Defendants, that this Complaint, or subsequent pleading, if appropriate, may be amended by inserting their true names in lieu of the fictitious names together with apt and proper words to charge them.

12.     This Court has original subject matter jurisdiction over this dispute pursuant to Article 6, Section, 6, Clause 1 of The Constitution of the State of Nevada in that this dispute involves an amount in controversy that exceeds the jurisdictional limits of any Justice Court.

13.     This Court can exercise personal jurisdiction over Defendants in that the Agreement at issue in this litigation executed by certain Defendants states that any legal proceeding involving disputes arising out the Agreement shall lie in the courts of Clark County, Nevada. As to those Defendants which were not parties to the Agreement, this Court can exercise jurisdiction over those Defendants in that they are either a continuation or rebranding of a party to the Agreement or were formed as a result of a special dividend of a party to the Agreement. Further, jurisdiction is proper in that those non-signatory party Defendants, through their conduct and actions, have purposefully availed themselves to this forum state.

14.     Venue is proper in the Eighth Judicial District Court in and for Clark County, Nevada in that the Agreement at issue in this litigation executed by Defendants states that any legal proceeding involving disputes arising out the Agreement shall lie in the courts of Clark County, Nevada and for the reasons espoused in the preceding paragraph.

## GENERAL ALLEGATIONS

15.     Prior to 2019, Plaintiffs, Defendants, and their related entities were embroiled in litigation in both this Court and the United States District Court District of Nevada (collectively, the "Litigation").

16.     On or about August 5, 2019, Apex O, M. Sassano, R. Sassano, Zoha, and Mac-Mas as on one hand, and GCI, MCIG, Rosenberg, Michael Hawkins and Robert Kressa, II (collectively "Parties") on the other hand, entered into and executed a Settlement Agreement and Mutual Release ("Agreement") to settle all claims and controversies that pertain to and were disputed in the Litigation.

**Agreement Payment Obligations to Plaintiff Apex O and Defendants' Breach**

17.     The Agreement expressly provides that "[i]n full satisfaction of any and all claims asserted by the Parties, MCIG and PR [defined as Defendant Rosenberg] personally shall pay a total sum of Four Hundred Eighty-Three Thousand and 00/100 Dollars ($483,000.00) (U.S.) ("Settlement Amount") to Apex O.

18.     Section 3 of the Agreement provides for the payment terms of the Settlement Amount which provide, in pertinent part, that installment payments were to begin on October 5, 2019, and continue thereafter on the 1st of each subsequent month until paid in full, with said installment payments in the amount of either Twenty Thousand Dollars ($20,000.00) or Forty Thousand Dollars ($40,000.00) depending on the then-price of MCIG stock shares.

19.     The Agreement further states that failure by MCIG and Rosenberg to tender any of the installment payments when due constitutes a default and, pursuant to Section 9 of the Agreement, such default causes the Settlement Amount to increase to Five Hundred Eighty-Three Thousand Dollars ($583,000.00).

20.     From October 2019 through June 2020, MCIG and Rosenberg remit nine (9) installment payments in the total amount of One Hundred Forty-Eight Thousand Dollars ($148,000.00) to Apex O.

21.     Thereafter, MCIG and Rosenberg failed to tender any additional payments thus defaulting on the repayment terms and conditions set forth in the Agreement and causing the Settlement Amount to increase One Hundred Thousand Dollars ($100,000.00) as provided in Section 9 of the Agreement and detailed herein.

22.     The principal amount of Four Hundred Thirty-Five Thousand Dollars ($435,000.00) remains due and owing to Apex O from MCIG and Rosenberg.

**Agreement Payment Obligations to Zoha and MacMas**

23.     Section 4 of the Agreement provides that MCIG and Rosenberg, personally, agreed to release (i) as free trading shares in the amount of 500,000 common stock shares of MCIG in the name of Zoha; and (ii) 11,000,000 common stock shares of MCIG in the name of MacMas.

24.     While the shares were released, MCIG – which at some point after execution of the Agreement was rebranded as BTZI – failed to file certain returns in a timely manner which precluded

MacMas and R. Sassano from trading shares from August 25, 2022, through June 7, 2021 (the "Restricted Period").

25.     Rosenberg served as the MCIG/BTZI Chief Executive Officer at all times while MacMas and R. Sassano were prevented from trading shares.

26.     The preclusion of MacMas and R. Sassano from trading shares constitutes a default pursuant to the terms and conditions of the Agreement.

27.     During the Restricted Period, BTZI shares were consistently trading at $0.15/share.

28.     Once the Restricted Period lapsed and MacMas and R. Sassano were allowed to actively sell its BTZI shares, the value of those shares had dropped precipitously.

29.     From June 8, 2021, through March 18, 2022, BTZI's average daily high value was $0.52/share – almost $.10 less than the average share value during the Restricted Period.

30.     MacMas and R. Sassano sold approximately 2,000,000 BTZI shares at a value far less than they would have if allowed to sell shares during the Restricted Period.

31.     Since execution of the Agreement, Rosenberg has resigned all positions with MCIG/BTZI and gave back a block of shares of those entities to capital stock.

32.     Further, upon information and belief, since Rosenberg's resignation of all positions with MCIG/BTZI, he has acquired a substantial amount of shares of OBITX stock.

33.     The Agreement contains an arbitration clause which provides for such proceeding in the event of a dispute between the Parties.

34.     In 2022, Plaintiffs contacted Defendants and requested resolution of all claims through arbitration, however, Defendants refused said request.

## FIRST CAUSE OF ACTION

### (Breach of Contract – against Rosenberg and MCIG as to Apex O)

35.     Plaintiffs repeat and reassert the allegations previously set forth and incorporates the same by reference herein.

36.     The Agreement is a valid and existing contract with reasonable and definite terms.

37.     Plaintiffs fully performed all obligations required of it pursuant to the Agreement terms and conditions.

38.     Conversely, Defendants MCIG and Rosenberg, through their actions and conduct described herein, have breached the Agreement by failing to tender any additional payments pursuant to the repayment terms and conditions set forth in the Agreement.

39.     Defendants' breach or failure of performance was not excused for any reason.

40.     All conditions precedent to Defendants' duty to perform were fulfilled by Plaintiffs.

41.     Causation and damages were a foreseeable consequence of Defendants' breach of the Agreement as described herein.

42.     Defendants' breach of the Agreement has caused Plaintiffs to incur damages in excess of Fifteen-Thousand Dollars ($15,000.00).

43.     As a direct, proximate, and foreseeable result of Defendants' acts, it has become necessary for Plaintiffs to secure the services of an attorney, and Plaintiffs are entitled to recover fees and costs incurred herein as damages.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing – against Rosenberg and MCIG as to Apex O)

44.     Plaintiffs repeat and reassert the allegations previously set forth and incorporates the same by reference herein.

45.     Defendants entered into a valid and existing contract with Plaintiffs.

46.     Every contract entered into in Nevada provides that the parties owe a duty of good faith and fair dealing toward each other.

47.     Defendants breached that duty with respect to the contract by performing in a manner that was unfaithful or inconsistent with the purposes of the agreement.

48.     Defendants' actions denied Plaintiffs of its justified expectations as provided herein.

49.     Defendants' breach of the contract and implied covenant of good faith and fair dealing has caused Plaintiffs to incur damages in excess of Fifteen-Thousand Dollars ($15,000.00).

50.     As a direct, proximate, and foreseeable result of Defendants' acts, it has become necessary for Plaintiffs to secure the services of an attorney, and Plaintiffs are entitled to recover fees and costs incurred herein as damages.

**THIRD CAUSE OF ACTION**

**(Breach of Contract – against Rosenberg and MCIG as to Zoha and MacMas)**

51.     Plaintiffs repeat and reassert the allegations previously set forth and incorporates the same by reference herein.

52.     The Agreement is a valid and existing contract with reasonable and definite terms.

53.     Plaintiffs fully performed all obligations required of it pursuant to the Agreement terms and conditions.

54.     Conversely, Defendants MCIG and Rosenberg, through their actions and conduct described herein, have breached the Agreement by restricting the transfer or sale of Mac-Mas shares contemplated in the Agreement.

55.     Defendants' breach or failure of performance was not excused for any reason.

56.     All conditions precedent to Defendants' duty to perform were fulfilled by Plaintiffs.

57.     Causation and damages were a foreseeable consequence of Defendants' breach of the Agreement as described herein.

58.     Defendants' breach of the Agreement has caused Plaintiffs to incur damages in excess of Fifteen-Thousand Dollars ($15,000.00).

59.     As a direct, proximate, and foreseeable result of Defendants' acts, it has become necessary for Plaintiffs to secure the services of an attorney, and Plaintiffs are entitled to recover fees and costs incurred herein as damages.

**FOURTH CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – against Rosenberg and MCIG as to Zoha and MacMas)**

60.     Plaintiffs repeat and reassert the allegations previously set forth and incorporates the same by reference herein.

61.     Defendants entered into a valid and existing contract with Plaintiffs.

62.     Every contract entered into in Nevada provides that the parties owe a duty of good faith and fair dealing toward each other.

63.     Defendants breached that duty with respect to the contract by performing in a manner

that was unfaithful or inconsistent with the purposes of the agreement.

64.     Defendants' actions denied Plaintiffs of its justified expectations as provided herein.

65.     Defendants' breach of the contract and implied covenant of good faith and fair dealing has caused Plaintiffs to incur damages in excess of Fifteen-Thousand Dollars ($15,000.00).

66.     As a direct, proximate, and foreseeable result of Defendants' acts, it has become necessary for Plaintiffs to secure the services of an attorney, and Plaintiffs are entitled to recover fees and costs incurred herein as damages.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

67.     Plaintiffs repeat and reassert the allegations previously set forth and incorporates the same by reference herein.

68.     Plaintiffs assert that the Agreement is a valid and existing contract.

69.     However, in the event the Agreement is invalidated, either in part or in its entirety, Plaintiffs allege a claim for unjust enrichment in the alternative.

70.     Plaintiffs conferred certain valuable benefits upon Defendants, and each of them.

71.     Defendants, and each of them, appreciated and retained the benefits conferred upon them by Plaintiffs under circumstances where it would be unjust and inequitable for Defendants to have retained the benefits.

72.     As a direct, proximate, and foreseeable result of Defendants' acts, Plaintiffs have been damaged in excess of Fifteen Thousand Dollars ($15,000.00), and in an amount to be determined at the time of trial.

73.     As a direct, proximate, and foreseeable result of Defendants' acts, it has become necessary for Plaintiffs to secure the services of an attorney, and Plaintiffs are entitled to recover fees and costs incurred herein as damages.

## SIXTH CAUSE OF ACTION

### (Award of Attorneys' Fees)

74.     Plaintiffs repeat and reassert the allegations previously set forth and incorporates the same by reference herein.

75.     Section 19 of the Agreement states that, in the event, that any dispute arises to enforce the terms of the Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs, and taxable and non-taxable expenses as part of its judgment.

76.     By way of this Complaint, Plaintiffs have commenced an action to enforce the terms of the Agreement.

77.     Plaintiffs have retained the services of counsel to prosecute claims and causes of action asserted pursuant to the terms of the Agreement.

78.     Plaintiffs have hereby plead attorneys' fees as special damages pursuant to *Sandy Valley Associates v. Sky Ranch Estates Owners Association*, 117 Nev. 948, 956, 35 P.3d 964, 969 (2001) *receded on different grounds by Horgan v. Felton*, 123 Nev. 577, 170 P.3d 982 (2007).

79.     By reason of the foregoing, Plaintiffs are entitled to judgment against Defendants in an amount in excess of Fifteen Thousand Dollars ($15,000.00) for all attorneys' fees incurred as special damages as alleged herein.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)

80.     Plaintiffs repeat and reassert the allegations previously set forth and incorporate the same by reference herein.

81.     Disputes and controversies have arisen between Plaintiffs and Defendants relative to their actions and conduct toward each other.

82.     NRS 30.030 provides that courts of record, within their respective jurisdictions, shall have the power to declare the rights, status, and other legal relations whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment is prayed for.  The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

83.     Based upon the language of NRS 30.030, this Court has the power to declare the rights, status, and other legal relations between Plaintiffs and Defendants.

84.     Plaintiffs respectfully request that this Court declare the rights, status, and other legal relations of the parties including, but not limited to (a) MCIG and Rosenberg's payment obligations to

Apex O pursuant to the terms and conditions of the Agreement; (b) the restrictions in trading, and damages arising therefrom, that MacMas and R. Sassano experienced as a result of Rosenberg, MCIG and BTZI's actions and conduct as described herein; and (c) any duties and obligations Rosenberg and OBITX owe to Plaintiffs as a result of the actions and conduct described herein.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.      For judgment against Defendants, joint and severally, for damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

2.      For judgment against Defendants for all attorneys' fees and costs Plaintiffs incur in defending and prosecuting this lawsuit in that the Lease includes an attorneys' fees provision and Plaintiffs have plead said fees as special damages pursuant to *Sandy Valley Associates v. Sky Ranch Estates Owners Association*, 117 Nev. 948, 956, 35 P.3d 964, 969 (2001) *receded on different grounds by Horgan v. Felton*, 123 Nev. 577, 170 P.3d 982 (2007).

3.      For a declaration from the Court as to the rights, status, and other legal relations of the parties including, but not limited to (a) MCIG and Rosenberg's payment obligations to Apex O pursuant to the terms and conditions of the Agreement; (b) the restrictions in trading, and damages arising therefrom, that MacMas and R. Sassano experienced as a result of Rosenberg, MCIG, and BTZI's actions and conduct as described herein; and (c) any duties and obligations Rosenberg and OBITX owe to Plaintiffs as a result of the actions and conduct described hereing.

4.      For any and all pre-judgment and post-judgment interest that accrues; and

5.      For such other and further relief in equity or at law as the Court determines to be just and proper.

DATED this 1st day of June, 2022.

**WILEY PETERSEN**

*/s/ Jason M. Wiley*
JASON M. WILEY, ESQ.
Nevada Bar No. 9274
1050 Indigo Drive, Suite 200-B
Las Vegas, Nevada 89145
Telephone: 702.910.3329
jwiley@wileypetersenlaw.com
*Attorneys for Plaintiffs*