**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Apex Operations, LLC, a Nevada limited liability company; 420702 Consulting, LLC, a Nevada limited liability company; Zoha Development, LLC, a Nevada limited liability company; MacMas Real Estate and Agricultural Private Equity Opportunity Fund, LLC, a foreign country limited liability company; Michael Sassano, an individual; and Ronald Sassano, an individual,

Plaintiffs

v.

Pavel Rosenberg, an individual; MCIG, Inc., a Wyoming corporation; BOTS, Inc., a Puerto Rican corporation; and OBITX, Inc., a foreign corporation,

Defendants.

Case No. 2:22-cv-01169-RFB-DJA

**Order**

Before the Court is Defendant Everything Blockchain, Inc.'s (erroneously named as OBITX, Inc.) motion to seal an exhibit to its motion to dismiss. (ECF No. 10). Blockchain moves to seal the exhibit because it is a copy of a settlement agreement between other parties in the litigation. (*Id.* at 2). Blockchain explains that the settlement agreement contains a confidentiality provision, designed to protect the confidential business terms and nature of the agreement. (*Id.*). Plaintiffs indicated that they do not oppose the motion. (ECF No. 17). Because the Court finds that Blockchain has not offered sufficient justification to keep the information under seal, it denies the motion without prejudice.

**I. Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*,

447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records submitted in conjunction with dispositive motions bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183; *see Ctr. for Auto Safety*, 809 F.3d at 1101. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion.

However, courts in this district have explained that "[t]he mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information." *Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1041 (D. Nev. 2021) (internal quotations and citations omitted); *see also Wells Fargo Bank, N.A. v. Saticoy Bay Series 3948 Applecrest*, No. 2:17-cv-01360-APG-VCF, 2020 WL 2311560, at *2 (D. Nev. Apr. 23, 2020). In the context of motions to enforce settlement agreements, courts in this district have balanced the expectations of confidentiality with the strong presumption of public access. *See Harper*, 552 F.Supp.3d at 1040-42. They have done so by taking "a middle approach" of requiring parties to redact settlement agreements to protect "terms that are irrelevant to the motion" and leave unredacted "terms of settlement pertinent to analyzing the motion to enforce." *Id.*; *see Wells Fargo Bank*, 2020 WL 2311560, at *2.

The Court denies Blockchain's motion to seal without prejudice. Blockchain asserts that, while it is not a party to the settlement agreement it seeks to seal, it is nonetheless seeking to honor the confidentiality provision in the agreement. (ECF No. 10 at 3). And no party has opposed. However, this is not enough for the Court to find that the entirety of the settlement agreement should be sealed. This is particularly true here because the settlement agreement already forms the basis for the complaint—meaning that some of its terms are public—and Blockchain is seeking to attach it to a dispositive motion, the standard of sealing for which is higher under *Kamakana* and *Ctr. for Auto Safety.* Moreover, no party has explained why the

agreement could not be redacted—other than the terms calling for confidentiality—rather than sealed. While the Court recognizes the purpose of secrecy in the settlement agreement, it also acknowledges that, once parties "turn to the federal court to resolve their disputes [arising out of the agreement]…the public administration of justice demands transparency." *Harper*, 552 F.Supp.3d at 1040-42. But because the parties may advance a compelling reason to keep the terms of the agreement private, the Court denies the motion without prejudice.

**IT IS THEREFORE ORDERED** that Blockchain's motion to seal (ECF No. 10) is **denied without prejudice**. Blockchain must re-file its motion or inform the court whether the agreement should be unsealed on or before **September 21, 2022.** The settlement agreement (ECF No. 9) will remain sealed until that time.

DATED: August 22, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE