# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Apex Operations, LLC; et al, | Case No. 2:22-cv-01169-RFB-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Pavel Rosenberg; et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to extend the time for service. (ECF No. 26). Plaintiffs explain that, despite multiple efforts to serve Defendant BOTS, Inc, they have been unable to effectuate service within the Federal Rule of Civil Procedure 4(m) timeframe. (*Id.*). They request an additional sixty days within which to effectuate service. (*Id.*). Because the Court finds that the Plaintiffs have demonstrated good cause and excusable neglect, it grants the motion.

**A.    The Court grants Plaintiffs' motion to extend time for service.**

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with

diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. Under Local Rule IA 6-1(a), "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

Plaintiffs have demonstrated that an extension of time is warranted. They explained that they have tried on multiple occasions to effect service on BOTS, Inc. at locations in Puerto Rico, Florida, and Virginia. Despite their attempts to serve BOTS through its registered agents, through its counsel, and by using a process server, Plaintiffs have been unsuccessful. Plaintiffs also explain that they experienced significant delays in receiving proofs of service from their attempts to serve BOTS, constituting excusable neglect in missing the original deadline. The Court thus grants Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion (ECF No. 26) is **granted.** Plaintiffs shall have until **December 14, 2022** to accomplish service.

DATED: October 13, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE