JASON M. WILEY, ESQ.
Nevada Bar No. 9274
E. DANIEL KIDD, ESQ.
Nevada Bar No. 10106
**WILEY PETERSEN**
10000 W. Charleston Blvd., Suite 230
Las Vegas, Nevada 89135
Telephone: 702.910.3329
Facsimile: 702-553-3467
jwiley@wileypetersenlaw.com
dkidd@wileypetersenlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| APEX OPERATIONS, LLC, a Nevada limited liability company; 420702 CONSULTING, LLC, a Nevada limited liability company; ZOHA DEVELOPMENT, LLC, a Nevada limited liability company; MACMAS REAL ESTATE AND AGRICULTURAL PRIVATE EQUITY OPPORTUNITY FUND, LLC a foreign country limited liability company; MICHAEL SASSANO, an individual; RONALD SASSANO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PAVEL ROSENBERG, and individual; MCIG, INC., a Wyoming corporation; BOTS, INC. a Puerto Rico corporation; OBITX, INC., a foreign corporation; DOE individuals I through X, inclusive; and ROE entities I through X, inclusive,<br><br>Defendants. | Case No.: 2:22−cv−01169−RFB−DJA<br><br>**JOINT RULE 26(F) CONFERENCE REPORT AND DISCOVERY PLAN** |

Plaintiffs Apex Operations, LLC, 420702 Consulting, LLC, Zoha Development, LLC, McMas Real Estate and Agricultural Private Equity Opportunity Fund, Michael Sassano, and Ronald Sassano, (collectively, "Plaintiffs") by and through their counsel, Jason M. Wiley, Esq., of the law firm Wiley Petersen and Defendant Pavel Rosenberg, by and through his attorney of record, Mont E. Tanner, Esq. of the Law Offices of Mont E. Tanner, Defendant, (collectively the "Parties"), hereby submit this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

//

1

On May 29, 2024, the Parties by and through their respective counsel of record, met and conferred by telephone as required by Rule 26(f). During the telephone conference, matters set forth in Rule 26(f) were discussed. The following are the results of the discussions between counsel for the Parties.

1. <u>Brief Factual Summary and Procedural History of the Case:</u>

This case was filed in the Eighth Judicial District Court in Clark County, Nevada on June 1, 2022. It involves Plaintiff's claims/allegations related to Defendants' failure to tender payments to Plaintiffs and refusing to resolve all claims through arbitration. Defendants deny the Plaintiff's allegations and the relief requested thereby.

Plaintiffs retained its process server, Junes Legal Services, to attempt service in Virginia, Florida, and Puerto Rico for all Defendants.

Service upon Defendant Paul Rosenberg was successful on June 15, 2022, at 2367 Jawed Place, Dunn Lording, VA 22027. On June 21, 2022, Service upon Defendant OBITX, Inc. was successful at the address 12574 Flagler Center Blvd., Suite 101, Jacksonville, FL 32258. On June 23, 2022, Service upon Defendant MCIG, Inc. was successful at the address 401 Ryland Street, Suite 200-A, Reno Nevada 89502.

On July 20, 2022, Defendant Everything Blockchain, Inc. (erroneously identified as OBITX, Inc.) removed the action to federal court with the consent of the served Defendants, MCIG and Rosenberg [ECF No. 1].

Defendant OBITX filed a Motion to Dismiss Plaintiff's Complaint, on July 27, 2022 [ECF. No. 5]. Defendant Rosenberg filed his *Answer to the Plaintiff's Complaint* on August 9, 2022 [ECF No. 14].

Plaintiffs and OBITX filed a Stipulation and Order to Extend Time to File Plaintiffs' Response to Defendant Everything Blockchain, Inc.'s Motion to Dismiss Under FRCP 12(b)(2) and, Alternatively, FRCP 12(b)(6) seeking an extension of time to file response to the Motion to Dismiss to August 24, 2022 [ECF No. 15]. The Court granted the stipulated request on August 11, 2022 [ECF No. 16].

Plaintiffs and OBITX filed a Stipulation and Order for Dismissal with Prejudice of Defendant Everything Blockchain, Inc. (Erroneously Named as OBITX, Inc.) Only [ECF No. 22]. The Court granted the stipulated request on September 27, 2022 [ECF No. 23].

On October 11, 2022, Plaintiffs filed a Renewed Motion for Enlargement of Time to Effectuate Service upon Defendant BOTS, Inc. [ECF No. 26]. The Court granted the Motion on October 13, 2022 [ECF No. 27].

Service upon Defendant BOTS, Inc. was successful on October 25, 2022, at 2367 Jawed Place, Dunn Loring, Virginia 22027.

On November 3, 2022, Plaintiffs filed a Request for Entry of Default against Defendant MCIG, Inc. [ECF No. 28] due to the failure of appearance by Defendant MCIG, Inc. The Court granted and entered the Default on November 18, 2022 [ECF No. 30].

On January 4, 2023, Plaintiff filed a Request for Entry of Default against Defendant BOTS, Inc. [ECF No. 31] due to the failure of appearance by Defendant BOTS, Inc. The Court granted the request and entered Default on January 19, 2023 [ECF No. 32].

On May 22, 2023, the Court filed an order granting the parties' stipulation to stay the case to allow the parties to participate in mediation [ECF No. 38].

The parties now petition the Court to lift the stay in conjunction with this discovery order and plan.

2. <u>Initial Disclosures:</u>  The Parties agree that the initial disclosures will be made in thirty (30) days from the date the Court adopts the proposed deadlines and issues in order on the same.

3. <u>Number of Days Required for Discovery:</u>  The parties anticipate that discovery will adhere to the one hundred eighty (180) days anticipated by LR 26-1(e). The Parties therefore stipulate to a discovery cut-off date of **December 2, 2024**, which is one hundred eighty (180) days from the Rule 26(f) conference.

4. <u>Amending the Pleadings and Adding Parties:</u> The Parties do not anticipate joining additional parties at this time. The Parties believe that it is premature before discovery to anticipate whether additional claims may need to be added into this action. If it is discovered that different or additional parties are responsible for the subject claims, or that additional claims exist which should be included in this litigation, including possible counterclaims, the Parties will seek to add those Parties as defendants and/or add the additional claims in this action, either by stipulation to do so by amended pleadings, or through a motion to amend the pleadings, as needed. The Parties agree the date of filing motions to

amend the pleadings or to add parties shall not be later than ninety (90) days prior to the close of discovery pursuant to Local Rule 26-1(e)(2), or **September 2, 2024**.

5. <u>Fed. R. Civ. P. 26(a)(2) Expert Disclosures:</u> The Parties agree that the time deadlines specified in Fed. R. Civ. P. 26(a)(2)(C) for disclosures concerning experts shall not be later than sixty (60) days prior to the close of discovery pursuant to Local Rule 26 1(b)(3), or **October 2, 2024.** Rebuttal expert disclosures shall be made 30 days after the initial disclosure of experts, which is **November 4, 2024.**

6. <u>Dispositive Motions:</u> The Parties agree that the date for filing dispositive motions shall be pursuant to Local Rule 26-1(e)(4) and not later than thirty (30) days after the discovery cut-off date, or **January 2, 2025**.

7. <u>Pretrial Order:</u> The Parties agree that pursuant to Local Rule 26-1(e)(5), the Joint Pretrial Order shall be filed not later than (30) days after the date for filing dispositive motions, or **February 3, 2025**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.

8. <u>Extensions of Scheduled Deadlines:</u> In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the expiration of the subject deadline.

9. <u>Fed. R. Civ. P. 26(a)(3) Disclosures:</u> Pursuant to Local Rule 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order.

10. <u>Subjects for Discovery:</u> The Parties agree that discovery may be needed on all claims or defenses raised in the pleadings. At this time, the Parties do not anticipate conducting discovery in phases or otherwise limiting discovery to particular issues.

11. <u>Privilege:</u> The Parties intend to enter into a stipulated protective order to protect the confidentiality of materials that are normally kept confidential by the parties, either for proprietary, commercially competitive reasons and other federal and state privacy grounds. At this time, the Parties do not see the need to request the Court to enter any orders other than the Stipulated Protective Order which the Parties intend to submit within thirty (30) days.

//

//

12. <u>Alternative Dispute Resolution</u>. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

13. <u>Alternative Forms of Case Disposition.</u> The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) and do not consent to either.

14. <u>Electronic Evidence:</u> The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have reached no stipulations yet concerning providing discovery in an electronic format compatible with the court's electronic jury evidence display system. The parties may serve discovery requests, discovery responses, and disclosures via electronic mail or U.S. Mail. For electronic service to be effective as to Plaintiffs', in addition to electronic service to all counsel of record, electronic service shall also be sent to Caitlin Pascal at cpascal@wileypetersenlaw.com, unless otherwise amended in writing by Plaintiffs. For electronic service to be effective as to Defendants, in addition to electronic service to all counsel of record, electronic service shall also be sent to Mont E. Tanner, Esq. at mtannerlaw@aol.com, unless otherwise amended in writing by Defendants.

15. <u>Discovery and Motion Dates:</u>

| | | |
|---|---|---|
| A. | Close of Discovery: | **December 2, 2024** |
| | | (180 days after Rule 26(f) Conference) |
| B. | Motions to Amend Pleadings or Add Parties (without court order): | **September 2, 2024** |
| | | (90 days before close of discovery) |
| C. | Initial Experts: | **October 2, 2024** |
| | | (60 days before close of discovery) |
| D. | Rebuttal Experts: | **November 4, 2024** |
| | | (30 days after initial disclosure of experts) |
| E. | Final date to file Dispositive Motions: | **January 2, 2025** |
| | | (30 days after discovery cut-off) |

//

| | |
|---|---|
| F. Joint Pretrial Order: | **February 3, 2025** |
| | (30 days after date set for dispositive motions) |

DATED this 29th day of May, 2024.   DATED this 29th day of May, 2024.

| **WILEY PETERSEN** | **LAW OFFICES OF MONT E. TANNER** |
|---|---|
| /s/ Jason M. Wiley | /s/ Mont E. Tanner |
| JASON M. WILEY, ESQ.<br>Nevada Bar. No. 9274<br>E. DANIEL KIDD, ESQ.<br>Nevada Bar No. 10106<br>10000 W. Charleston Blvd., Suite 230<br>Las Vegas, Nevada 89145<br>Telephone: 702.910.3329<br>Facsimile: 702-553-3467<br>jwiley@wileypetersenlaw.com<br>dkidd@wileypetersenlaw.com | MONT E. TANNER, ESQ.<br>Nevada Bar No. 4433<br>2950 East Flamingo Road<br>Suite G<br>Las Vegas, Nevada 89121<br>mtanner@aol.com<br><br>*Attorney for Defendant Pavel Rosenberg* |
| *Attorneys for Plaintiffs* | |

IT IS SO ORDERED.

**ORDER**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____July 10_____, 2024

6