JASON M. WILEY, ESQ.
Nevada Bar No. 9274
E. DANIEL KIDD, ESQ.
Nevada Bar No. 10106
**WILEY PETERSEN**
10000 W. Charleston Blvd., Suite 230
Las Vegas, Nevada 89135
Telephone: 702.910.3329
Facsimile: 702-553-3467
jwiley@wileypetersenlaw.com
dkidd@wileypetersenlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APEX OPERATIONS, LLC, a Nevada limited liability company; 420702 CONSULTING, LLC, a Nevada limited liability company; ZOHA DEVELOPMENT, LLC, a Nevada limited liability company; MACMAS REAL ESTATE AND AGRICULTURAL PRIVATE EQUITY OPPORTUNITY FUND, LLC a foreign country limited liability company; MICHAEL SASSANO, an individual; RONALD SASSANO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PAVEL ROSENBERG, and individual; MCIG, INC., a Wyoming corporation; BOTS, INC. a Puerto Rico corporation; OBITX, INC., a foreign corporation; DOE individuals I through X, inclusive; and ROE entities I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:22−cv−01169−RFB−DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES [THIRD REQUEST]** |

Pursuant to Local Rule 26-3, Plaintiffs APEX OPERATIONS, LLC, 420702 CONSULTING, LLC, ZOHA DEVELOPMENT, LLC, MACMAS REAL ESTATE AND AGRICULTURAL PRIVATE EQUITY OPPORTUNITY FUND, LLC, MICHAEL SASSANO, and RONALD SASSANO (collectively, "Plaintiffs") and Defendant PAVEL ROSENBERG, stipulate to extend the deadlines in *Stipulation And Order To Extend Discovery Deadlines [Second Request]* [ECF No. 49] adopted by the Court on May 6, 2025. As provided herein, good cause supports this request.

1

## I. The completed discovery.

### A. Discovery completed by Plaintiffs

#### 1. Written Discovery and Disclosures

| Date | Description | Response |
|---|---|---|
| 7.17.2024 | *Plaintiffs' Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)* | N/A |
| 8.1.2024 | *Plaintiff Apex Operations, LLC's First Set of Requests for Admissions to Defendant Pavel Rosenberg* | Responses received: 10.1.2024 |
| 8.1.2024 | *Plaintiff Apex Operations, LLC's First Set of Interrogatories to Defendant Pavel Rosenberg* | Responses received: 10.23.2024 |
| 8.1.2024 | *Plaintiff Apex Operations, LLC's First Set of Requests for Production of Documents to Defendant Pavel Rosenberg* | Responses received: 10.23.2024 |
| 1.31.2025 | *Plaintiff Apex Operations, LLC's Supplemental Requests for Production of Documents to Defendant Pavel Rosenberg* | Responses received: 5.20.2025 |
| 1.31.2025 | *Plaintiff Apex Operations, LLC's Supplemental Interrogatories to Defendant Pavel Rosenberg* | Responses received: 5.20.2025 |
| 1.31.2025 | *Plaintiff Apex Operations, LLC's Second Set of Requests for Admissions to Defendant Pavel Rosenberg* | Responses received: 5.20.2025 |

#### 2. Subpoenas

| Date | Description | Recipient |
|---|---|---|
| 8.6.2024 | Subpoena to Produce Documents | Securities Transfer Corporation |
| 8.6.2024 | Subpoena to Produce Documents | Island Stock Transfer |
| 8.6.2024 | Subpoena to Produce Documents | Wilson-Davis & Company |
| 8.28.2024 | Subpoena to Produce Documents | Visa USA, Inc. |
| 8.28.2024 | Subpoena to Produce Documents | Fidelity Brokerage Services, LLC a/k/a Fidelity Investments f/k/a Fidelity Management & Research |
| 8.28.2024 | Subpoena to Produce Documents | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| 8.28.2024 | Subpoena to Produce Documents | JP Morgan Chase & Co. |

| | | |
|---|---|---|
| 9.25.2024 | Subpoena to Produce Documents | Island Capital Group, LLC d/b/a Island Stock Transfer |
| 1.30.2025 | Subpoena to Produce Documents | Visa USA, Inc. |
| 1.30.2025 | Subpoena to Produce Documents | Fidelity Brokerage Services, LLC a/k/a Fidelity Investments f/k/a Fidelity Management & Research |
| 1.30.2025 | Subpoena to Produce Documents | JP Morgan Chase Bank, N.A. |
| 1.30.2025 | Subpoena to Produce Documents | J.P. Morgan Securities LLC |

Plaintiffs' claims and causes of action arise from a certain *Settlement Agreement and Mutual Release* ("Settlement Agreement") entered into and executed by and between Plaintiffs, on the one hand, and Defendant Pavel Rosenberg ("Rosenberg") on the other. Plaintiffs' Complaint alleges, in pertinent part:

**Agreement Payment Obligations to Plaintiff Apex O**

17. The Agreement expressly provides that "[i]n full satisfaction of any and all claims asserted by the Parties, MCIG and PR [defined as Defendant Rosenberg] personally shall pay a total sum of Four Hundred Eighty-Three Thousand and 00/100 Dollars ($483,000.00) (U.S.) ("Settlement Amount") to Apex O.

18. Section 3 of the Agreement provides for the payment terms of the Settlement Amount which provide, in pertinent part, that installment payments were to begin on October 5, 2019, and continue thereafter on the 1st of each subsequent month until paid in full, with said installment payments in the amount of either Twenty Thousand Dollars ($20,000.00) or Forty Thousand Dollars ($40,000.00) depending on the then-price of MCIG stock shares.

19. The Agreement further states that failure by MCIG and Rosenberg to tender any of the installment payments when due constitutes a default and, pursuant to Section 9 of the Agreement, such default causes the Settlement Amount to increase to Five Hundred Eighty-Three Thousand Dollars ($583,000.00).

20. From October 2019 through June 2020, MCIG and Rosenberg remit nine (9) installment payments in the total amount of One Hundred Forty-Eight Thousand Dollars ($148,000.00) to Apex O.

21.     Thereafter, MCIG and Rosenberg failed to tender any additional payments thus defaulting on the repayment terms and conditions set forth in the Agreement and causing the Settlement Amount to increase One Hundred Thousand Dollars ($100,000.00) as provided in Section 9 of the Agreement and detailed herein.

22.     The principal amount of Four Hundred Thirty-Five Thousand Dollars ($435,000.00) remains due and owing to Apex O from MCIG and Rosenberg.

**Agreement Payment Obligations to Zoha and MacMas**

23.     Section 4 of the Agreement provides that MCIG and Rosenberg, personally, agreed to release (i) as free trading shares in the amount of 500,000 common stock shares of MCIG in the name of Zoha; and (ii) 11,000,000 common stock shares of MCIG in the name of MacMas.

24.     While the shares were released, MCIG – which at some point after execution of the Agreement was rebranded as BTZI – failed to file certain returns in a timely manner which precluded MacMas and R. Sassano from trading shares from August 25, 2022, through June 7, 2021 (the "Restricted Period").

25.     Rosenberg served as the MCIG/BTZI Chief Executive Officer at all times while MacMas and R. Sassano were prevented from trading shares.

26.     The preclusion of MacMas and R. Sassano from trading shares constitutes a default pursuant to the terms and conditions of the Agreement.

27.     During the Restricted Period, BTZI shares were consistently trading at $0.15/share.

28.     Once the Restricted Period lapsed and MacMas and R. Sassano were allowed to actively sell its BTZI shares, the value of those shares had dropped precipitously.

29.     From June 8, 2021, through March 18, 2022, BTZI's average daily high value was $0.52/share – almost $.10 less than the average share value during the Restricted Period.

30.     MacMas and R. Sassano sold approximately 2,000,000 BTZI shares at a value far less than they would have if allowed to sell shares during the Restricted Period.

31.     Since execution of the Agreement, Rosenberg has resigned all positions with MCIG/BTZI and gave back a block of shares of those entities to capital stock.

32. Further, upon information and belief, since Rosenberg's resignation of all positions with MCIG/BTZI, he has acquired a substantial amount of shares of OBITX stock.

Defendant Rosenberg relies upon language in the Settlement Agreement as a defense to the allegations Plaintiffs assert against him. Specifically, Section 2 of the Agreement provides "[t]he Parties understand and agree that the extent of PR [Rosenberg's] personal liability for this entire amount of $483,000, his only encumbering asset(s) will be PR's shares he owns of MCIG and any monies transferred or in bank or brokerage or others from selling MCIG shares after signing this settlement, and no other personal liability exists."

**Depositions**

| Date | Description | Recipient |
| --- | --- | --- |
| 2.7.2025 | Subpoena to Testify at a Deposition | Pavel Rosenberg |
| 8.15.2025 | Subpoena to Testify at a Deposition | Pavel Rosenberg |

On February 7, 2025, Plaintiffs noticed the deposition of Defendant Rosenberg for February 28, 2025. On February 10, 2025, Rosenberg's counsel sent correspondence indicating that Rosenberg was not available on that date, that Defendant was interested in noticing the depositions of Plaintiffs' representatives, and that the parties would coordinate on availability. At this time, Rosenberg was still dealing with health issues that precluded his participation in the deposition process.

Thereafter, on February 28, 2025, Plaintiffs' counsel sent follow-up correspondence to Rosenberg's counsel requesting a call to discuss scheduling of depositions and coordination of effort.

Rosenberg's counsel responded on March 4, 2025, and the parties participated a telephone conference thereafter wherein Rosenberg's counsel indicated he was still working on dates and transportation logistics related to the deposition.

On April 10, 2025, Plaintiffs' counsel sent a follow-up correspondence regarding Rosenberg's deposition and outstanding discovery. Counsel participated in a telephone conference thereafter and realized the need to stipulate to extend discovery deadlines to complete the outstanding discovery matters.

///

On August 8, 2025, Rosenberg's counsel provided supplemental discovery responses and documents to Plaintiffs' counsel. Thereafter, Plaintiffs re-noticed Rosenberg's deposition for August 25, 2025.

On August 22, 2025, Rosenberg's counsel contacted Plaintiffs' counsel and indicated that Rosenberg was unavailable for deposition on August 25, 2025. Further, in that Rosenberg did not reside in the United States, Rosenberg would be unavailable for deposition until October 10, 2025, through October 30, 2025, when he would return to the United States. Plaintiffs' counsel indicated that Rosenberg is willing and available to be deposed during that time window. The parties have agreed to find a date in late October to conduct the deposition.

Based upon the foregoing, Plaintiffs anticipate re-noticing the deposition of Rosenberg and have no issue with Defendant conducting the depositions of Plaintiffs' representatives to ensure the litigation can be heard on its merits.

B. Discovery completed by Defendants

1. Written Discovery and Disclosures

| Date | Description | Response |
|---|---|---|
| 10.24.2024 | *Defendant Pavel Rosenberg's First Set of Interrogatories to Plaintiffs Michael Sassano and Ronald Sassano* | Responses received: 2.21.2025 |
| 10.24.2024 | *Defendant Pavel Rosenberg's First Set of Requests for Production of Documents to Plaintiffs Michael Sassano and Ronald Sassano* | Responses received: 2.21.2025 |

2. Subpoenas

None.

3. Depositions

None.

II. Discovery that remains to be completed.

Deposition of Pavel Rosenberg

Deposition of Michael Sassano

Deposition of Ronald Sassano

The parties anticipating noticing the depositions of certain witnesses listed – or to be listed – in each other's disclosures, including percipient witnesses and Rule 30(b)(6) representatives.

Subpoenas issued to stock brokerages for sales of relevant shares owned by Michael Sassano and Ronald Sassano.

Potential for expert and rebuttal expert disclosures/depositions

### III. The reasons why the remaining discovery was not completed within the time limits imposed by the discovery plan

The parties submitted a proposed discovery plan in late May-2024 and the Court adopted the parties' plan on July 10, 2024. Almost immediately thereafter, Plaintiffs served their initial disclosures and propounded discovery on Rosenberg on August 1, 2024. On August 13, 2024, Rosenberg's counsel contacted Plaintiffs' counsel requesting an additional 30 days to respond to the discovery requests due to Defendant undergoing a medical procedure in late-August, 2024. Plaintiffs' counsel granted the request and the responses were served in October 2024.

Based upon information gleaned during those responses, perceived deficiencies in the responses, and additional information learned from third-party subpoenas, Plaintiffs served a second set of discovery requests on Rosenberg on January 31, 2025, with a notice setting Rosenberg's deposition for February 28, 2025. Due to Rosenberg's continued health issues and logistics of Rosenberg's travel to Las Vegas to participate in the deposition, Rosenberg has been unable to properly respond to the propounded discovery and has not provided Plaintiffs with a date for the rescheduled deposition.

On August 8, 2025, Rosenberg's counsel provided supplemental discovery responses and documents to Plaintiffs' counsel. Thereafter, Plaintiffs re-noticed Rosenberg's deposition for August 25, 2025.

On August 22, 2025, Rosenberg's counsel contacted Plaintiffs' counsel and indicated that Rosenberg was unavailable for deposition on August 25, 2025. Further, in that Rosenberg did not reside in the United States, Rosenberg would be unavailable for deposition until October 10, 2025, through October 30, 2025, when he would return to the United States. Plaintiffs' counsel indicated that Rosenberg is willing and available to be deposed during that time window. The parties have agreed to find a date in late October to conduct the deposition.

7

1    Local Rule 26-3 governs modifications or extensions of the scheduling order. Pursuant to LR 26-3, any motion or stipulation to extend discovery must be received by the Court "no later than twenty-one (21) days before the expiration of the subject deadline." LR 26-3 further states that "a request made within 21 days of the subject deadline must be supported by a showing of good cause."

The parties recognize that they are requesting an extension of certain deadlines within 21 days of the expiration. As such, the parties submit that, based on the good cause exists to permit granting the instant requested extension. In evaluating "good cause" this Court has held "[t]he 'good cause' standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed.R.Civ.P. 16(b)." *Tanya Victor v. Walmart, Inc.*, No. 2:20-cv-0101591, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021). Good cause to extend the discovery deadlines is found where "it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In the present matter, as noted, the parties' efforts to complete discovery have been affected by Rosenberg's unavailability for deposition and recent supplemental disclosures. Previously, Rosenberg underwent a medical procedure in 2024 and experienced effects from the procedure which have delayed Rosenberg's responses to discovery requests and prevented him from attending his deposition despite the fact said deposition was properly noticed during discovery. Now, Rosenberg is located out of the country and unavailable for deposition until mid-October.

Here, the extension request is made in good faith as certain discovery deadlines could not be met due to the actions described herein, the request is advanced jointly by the parties, and not for the purposes of delay. Trial in this matter has not yet been set. Moreover, since this request is a joint request, neither party will be prejudiced.

This request for an extension of deadlines is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery and adequately prepare their respective cases for trial.

The parties respectfully submit that the reasons set forth above constitute compelling reasons for the extension and that the failure to act was the product of excusable neglect.

/ / /

IV. **The proposed schedule for completing all remaining discovery.**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Amending and Adding Parties | September 2, 2024 | N/A |
| Initial Expert Disclosures | July 2, 2025 | N/A[1] |
| Rebuttal Expert Disclosures | August 4, 2025 | N/A |
| Close of Discovery | September 3, 2025 | December 5, 2025 |
| Dispositive Motions | October 2, 2025 | January 5, 2026 |
| Pretrial Order (including FRCP 26(a)(3) disclosures) | November 5, 2025 | February 5, 2026 |

DATED this 13th day of October, 2025　　　　DATED this 13th day of October, 2025

**WILEY PETERSEN**　　　　　　　　　　　　**LAW OFFICES OF MONT E. TANNER**

/s/ Jason M. Wiley　　　　　　　　　　　　　/s/ Mont E. Tanner
_____　　　　　　_____
JASON M. WILEY, ESQ.　　　　　　　　　　MONT E. TANNER, ESQ.
Nevada Bar. No. 9274　　　　　　　　　　　Nevada Bar No. 4433
E. DANIEL KIDD, ESQ.　　　　　　　　　　2950 East Flamingo Road
Nevada Bar No. 10106　　　　　　　　　　　Suite G
10000 W. Charleston Blvd., Suite 230　　　　Las Vegas, Nevada 89121
Las Vegas, Nevada 89145　　　　　　　　　mtanner@aol.com
Telephone: 702.910.3329
Facsimile: 702-553-3467　　　　　　　　　　*Attorney for Defendant Pavel Rosenberg*
jwiley@wileypetersenlaw.com
dkidd@wileypetersenlaw.com

*Attorneys for Plaintiffs*


[Order on following page]

---

[1] The parties initially submitted a stipulation to extend discovery deadlines to the Court on September 3, 2025, which was denied without prejudice. The Court's Minute Order stated that the parties failed to explain their failure to move to extend discovery deadlines before the July and August expert deadlines was the product of excusable neglect. The parties have subsequently agreed that they do not need to disclose expert witnesses in this matter and, as such, are not seeking to extend the expert disclosure deadlines. This stipulation reflects the parties' new position.

Upon receipt of the Court's Minute Order, Plaintiff promptly revised the stipulation to extend discovery and sent to Rosenberg's counsel on September 10, 2025. Defendant's counsel approved the stipulation on October 13, 2025.

IT IS SO ORDERED that the parties' stipulation to extend discovery deadlines (ECF No. 55) is GRANTED.

DATED: 10/14/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE